PRATT *v.* WAFER et al.

An universal legatee is only liable for his virile share of any debt due by the person whose legatee he is.

A party to a suit is competent to prove the loss of a paper on which his claim may depend, so as to authorize the introduction of secondary evidence to establish its contents.

APPEAL from the District Court of Claiborne, *Olcott,* J. *Vaughn* and *Spofford,* for the plaintiff. *Lawson,* for the appellant. The judgment of the court was pronounced by

EUSTIS, C. J. This suit is brought to recover the sum of $322 from the defendants, *in solido,* and interest, being the amount paid by the plaintiff on an appeal bond in the case of *W. L. Barns* v. *Joel Wafer.* The plaintiff alleges that he became the surety of *Joel Wafer* at the instance of *Thomas Wafer* deceased, under a promise of indemnity made by the latter; that he paid the judgment rendered against *Joel Wafer,* and that the defendants, who are the universal legatees of said deceased and have accepted his succession, are bound by the contract of their testator to indemnify him. There was judgment against the defendants, and *Mabry Wafer,* one of them, has appealed.

It is conceded that the other defendant, who was a married woman, was not in court; and it is contended that *Mabry Wafer* is liable for the whole debt, under an *assumpsit;* but of this there is not sufficient evidence.

The appellant being one of two universal legatees, is only liable for his virile share of the debt. The judgment against *Joel Wafer* was affirmed on the appeal, and the amount of the judgment against the plaintiff on his bond was two hundred and seventy-five dollars, with interest from August 5th 1845, and costs. Concerning the latter, we have no evidence on which we can allow them. A bill of exceptions was taken to the admission of a witness to prove the contents of a letter. But as the letter was lost, we concur with the district judge in considering the evidence as admissible. It is well settled that a party to a suit is competent to prove the loss of a paper on which his claim may depend, so as to authorize the introduction of secondary evidence to establish its contents. *Donellan* v. *Taylor,* 8 Pick. 390. *Adams* v. *Leland,* 7 Ib. 62. *N. O. & Carrollton Bank* v. *Armstrong,* 2 An. 830. Its contents, as proved by the witness, are corroborated by the subsequent declarations and conduct of the appellant.

The judgment of the district court is reversed; and it is decreed that the plaintiff recover from the defendant *Mabry Wafer,* one hundred and thirty-seven dollars and fifty cents, with interest from the 5th of August 1845, and costs; the plaintiff paying the costs of this appeal.